**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John H. Vela, )<br>           )<br>         Plaintiff, )<br>           )<br> vs. )<br>           )<br> American Family Mutual Insurance)<br> Company, a Foreign Corporation; John)<br> Does I-X; Jane Does I-X; Black)<br> Corporations I-XX; Gray Partnerships)<br> I-XX; Blue Limited Partnerships I-XX, )<br>           )<br>         Defendants. )<br>_____) | No. CV-08-540-PHX-SMM<br><br>**ORDER** |

Currently pending before the Court is Defendant American Family Mutual Insurance Company's (American) Motion to Dismiss (Doc. 3) filed on March 19, 2008. Plaintiff has failed to file a Response within the permitted time frame.

## **STANDARD OF REVIEW**

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare*

*Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## **DISCUSSION**

Despite the failure of Plaintiff to file a Response to American's Motion to Dismiss, the Court will nonetheless decide the pending issue based on the substantive issue at hand, whether punitive and exemplary damages are permitted as relief strictly for a breach of contract claim. *Id.*

It is well settled in Arizona that punitive and or exemplary damages are *not* allowed in a breach of contract suit. *Continental National Bank v. Evans*, 107 Ariz. 378 (1971); *John Hancock Mut. Life Ins. Co. v. McNeill,* 27 Ariz. App. 502 (1976). In other words, Plaintiffs are not entitled to recover such damages strictly based on a breach of contract claim. *Id.*

In the Complaint, Plaintiff alleges that he was insured by American under an automobile insurance policy (Complaint, ¶ III). Plaintiff alleges that the policy provides under-insured motorists coverage and that he was injured as a result of an automobile accident (*Id*. at ¶ IV). Plaintiff further alleges that American *breached the contract* by failing to pay a reasonable sum under the under-insured motorists coverage (*Id.* at ¶¶ VI-VIII). Finally, Plaintiff alleges that he is entitled to *exemplary and punitive damages* (*Id.* at ¶ VIII). Plaintiff's complaint states only a claim for breach of contract (*Id.* at ¶ VIVIII). Thus, as a matter of law, Plaintiff is not entitled to punitive damages as they are not recoverable for breach of contract alone. *Continental National Bank v. Evans*, 107 Ariz. 378 (1971).

Accordingly,

1  **IT IS HEREBY ORDERED GRANTING** Defendant American's Motion to Dismiss
2  (Doc. 3) Plaintiff's claim for punitive and exemplary damages for his breach of contract
3  claim.

4  DATED this 9th day of May, 2008.

Stephen M. McNamee
United States District Judge